IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION

| | | |
|---|---|---|
| LINCOLN ANTHONY MOODY, | ) | |
| | ) | |
| Petitioner, | ) | |
| v. | ) | Civil Action |
| | ) | No. 10-3529-CV-S-RED-H |
| MARTY C. ANDERSON, Warden, | ) | |
| United States Medical Center for | ) | |
| Federal Prisoners, | ) | |
| | ) | |
| Respondent. | ) | |

### REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

Petitioner, an inmate confined in the United States Medical Center for Federal Prisoners, petitions this Court for a writ of habeas corpus in which he challenges actions of the Bureau of Prisons ["BOP"]. The petition has been referred to the undersigned for preliminary review under 28 U.S.C. § 636(b). Because petitioner has failed to state a constitutional violation, it will be recommended that he be denied leave to proceed in forma pauperis.

After a Show Cause Order was entered, the United States filed its response. Petitioner filed a traverse.

A review of the record indicates that petitioner was involved in an incident at the Medical Center that resulted in him being found guilty of the prohibited acts of Code 224, assault, Code 307, refusing to obey an order, and Code 316, being in an unauthorized area. He was sanctioned to the loss of 60 days of good conduct time.

As grounds for relief in habeas corpus, petitioner alleges that his due process rights have been violated regarding disciplinary action taken against him at the Medical Center. He contends that there is no evidence to support his having been disciplined for assaulting staff; that staff assaulted him; and that the staff withheld video footage, which would have supported his version of events during the disciplinary proceedings. In his traverse, he specifically asserts that respondent violated his due process rights by falsely accusing him of assaulting prison staff during an incident and then denying him access to the prison videotape surveillance of the incident to use in his defense. He submits that the fact that the videotape has been destroyed supports an inference of bad faith on the part of the Medical Center. It is his position that the videotape surveillance of the incident was the only independent evidence of what happened between him and the guards on June 3, 2010. Petitioner contends that respondent viewed and destroyed the videotape, and failed to explain why that destruction protected institutional safety or served correctional goals. Therefore, he asserts that respondent has destroyed the only evidence likely to be viewed as credible to support his claim that he did not assault prison staff, and that he was denied due process as a result.

Respondent submits that petitioner received advanced written notice of the charges on June 4, 2010, well over the twenty-four hour notice requirement, as the hearing was held on June 29, 2010. He received a copy of the written statement of the evidence relied upon, the findings, and the reasons for the disciplinary action taken, on August 23, 2010. He presented documentary evidence in the form of a written statement; he had a staff representative, who attempted to review the videotape in question, but was unable to do so; and the hearing was conducted by an independent and impartial staff member. Because the action was based on some evidence, it is submitted that there should be no restoration of good time credit, and that his petition should be dismissed.

Specifically regarding the videotape, respondent contends that it was routinely deleted from the NICEVision system, but that it had been reviewed by the Medical Center's Special Investigative Agent ["SIA"] shortly after the incident, on June 4, 2010. According to the SIA, the video showed petitioner taking an aggressive stance and beginning to swing his fists at the staff. He was taken to the ground where he continued to resist staff's efforts to restrain him, and they had to use force to gain control of him. According to the SIA, the force was minimal and necessary to gain control, and was appropriate. The SIA indicated that at no point in the video did he see staff assaulting petitioner. It is also asserted by respondent that several other staff members reviewed the videotape, and none indicated to the SIA that they saw anything that was inconsistent with the incident report and supporting staff statements regarding the incident. Therefore, the recorded video was not preserved and was not available to petitioner. Respondent contends that petitioner has failed to demonstrate that he was prejudiced by the failure to preserve the videotape. It is asserted that the videotape was reviewed multiple time while available on the NICEVision recorded system, and there was nothing that was inconsistent with staff statements and memorandum. Therefore, it is alleged that even if the video had been preserved and presented at the DHO hearing, it would not have supported petitioner's claim that he was assaulted by staff.

Respondent asserts that, under the standard enunciated in <u>Superintendent, M.C.I. Walpole v. Hill,</u> 472 U.S. 445 (1985), the due process requirements were satisfied in this case because there was sufficient evidence for the Disciplinary Hearing Officer ["DHO"] to determine that petitioner committed the prohibited acts. It is also asserted that the sanctions that were imposed were within the province of BOP Program Statement 5270.7, <u>Inmate Discipline</u>. Additionally, respondent contends that petitioner was provided with all of the required due process procedures as enunciated

3

in Wolff v. McDonnell, 418 U.S. 539, 564-66 (1974).

The law requires, in a prison disciplinary hearing, that the findings of the hearing officer must be supported by "some evidence" in the record. Hill, 472 U.S. at 455-56. "Ascertaining whether this standard is satisfied does not require examination of the entire record, independent assessment of the credibility of witnesses, or weighing of the evidence. Instead, the relevant question is whether there is any evidence in the record that could support the conclusion reached by the disciplinary board." Id. Where the record contains some evidence to support the decision of the DHO, the decision cannot be characterized as arbitrary. Id. at 457.

Based on the Court's narrow review of internal prison affairs, it is clear in this case that there is some evidence to support the finding of several conduct violations by petitioner. According to the incident report, petitioner was not in the proper area during the 9 P.M. head count on June 3, 2010. Rather, he was taking a shower. He refused to obey a direct order to report to the officer station, and eventually, was forcibly restrained when he refused to turn around so hand restraints could be placed on him. In reaching his decision, the DHO relied on Officer Copeland's memorandum and the incident report prepared by Officer Sims. It was noted that petitioner submitted a two-page report that denied the charges. After reviewing the evidence, the DHO found that the greater weight of the evidence supported a finding that petitioner committed the prohibited act of assault, Code 224, and refusing to obey an order, Code 307. It should be noted that the original charge of interfering with the taking of count, Code 321, was amended to being in an unauthorized area, Code 316. The DHO made this amendment because he found that the "incident report did not describe how the inmate interfered with the taking of count, however, inmates are not authorized to be in the shower during count." [Respondent's Exhibit 3, p.2]. He further stated that

4

"[t]he incident report and supporting memorandum clearly state the inmate did shove a staff member, and did refuse the staff members [sic] order." [Id.]

After careful review, the Court finds that, under the standard enunciated in Hill, there was some evidence to support the decision of the DHO in this case. The fact that the video was no longer available at the time of the disciplinary hearing does not negate the existence of some evidence to support the DHO's finding. The record, moreover, is completely devoid of any evidence of malfeasance on the part of the Medical Center staff regarding the video. Rather, respondent submits that it was routinely deleted from the NiceVision system, after having been reviewed. The record contains the report of SIA Taylor, who had reviewed the video and indicated that the events depicted in it were consistent with the accounts of the officers involved. Additionally, the record indicates that several other staff members also reviewed the video and saw nothing inconsistent with the incident report. Petitioner has presented no evidence to support his contention that the officers assaulted him. Based on the record as a whole, the Court concludes that there was some evidence to support the disciplinary action taken against petitioner. Additionally, a review of the record indicates that petitioner was afforded the due process rights to which he is entitled under Wolff.

Because petitioner's contentions are without merit, it must be recommended that the petition herein for a writ of habeas corpus be dismissed without prejudice.

For the foregoing reasons, it is, pursuant to the governing law and in accordance with Local Rule 72.1 of the United States District Court for the Western District of Missouri,

RECOMMENDED that petitioner be denied leave to proceed in forma pauperis, and that the

petition herein for a writ of habeas corpus be dismissed without prejudice.

/s/ James C. England<br>
JAMES C. ENGLAND<br>
United States Magistrate Judge

Date: 6/2/11